## Weinberg v. Feldman

*Cindy J. Baen,* and *Norman H. Abrams,* for petitioner.

*Gary P. Urtz,* for respondents.

DIGGINS, *S.J.,* December 9, 1981 — The matter before this court involves a contract with a restrictive covenant. Petitioner and respondent Feldman first entered into an employment contract which contained no restrictive covenants. However, on or about June 15, 1979, the parties entered into a second employment contract which contained a restrictive covenant that respondent would not for 18 months and in an eight county area, compete with petitioner in the same or a similar business. The business of petitioner was that of professional disco programming and respondent Feldman was employed as a disc jockey.

Sometime in September of 1981, respondent Feldman left the employ of petitioner and together with respondent Braunstein, started a business directly in competition to petitioner's business. It further appears that respondents' business then contacted and secured employment with some of petitioner's customers.

The issue before this court is to decide whether or

not the restrictive covenant contained in the June, 1979 contract is enforceable.

Respondents, citing Morgan's Home Equipment Corp. v. Martucci, 390 Pa. 618, 136 A. 2d, 838 (1957), contend that since respondent Feldman was already employed by petitioner, the restrictive covenants were not ancillary to employment and therefore are void as against public policy. The court in Morgan, supra, 845, said "It has long been the rule at common law, that contracts in restraint of trade made independently of a sale of a business or contract of employment are void as against public policy regardless of the valuableness of the consideration exchanged therein." Since the time of Morgan, supra, our courts, while not overruling Morgan have somewhat modified the rule.

In Jacobson & Company, Inc. v. International Environment Corp. 427 Pa. 439, 235 A. 2d 612 (1967), the court modified the rule in Morgan to include that if there was a change in the *employment status*, a restrictive covenant then would be enforceable. (Emphasis supplied). The Supreme Court further added, ". . . that the Pennsylvania Supreme Court in Morgan . . . did not mean to imply that for a restrictive covenant to be valid in any employer-employee contract such a covenant would have to be part of the original contract of employment between the parties." p. 618. The court recognized that there would be a difference between a novice and an experienced employe. While an employer would have no need to protect himself against a novice, he might indeed need protection after the novice gained a degree of expertise particularly where the employe gained the expertise because of his training.

Our Supreme Court in Maintenance Specialties, Inc. v. Gottus, 455 Pa. 327, 314 A. 2d 279 (1974)

again restated the law as it applies to restrictive covenants when it said, ". . . a restrictive covenant is enforceable if supported by new consideration, either in the form of an initial employment contract or a change in the conditions of employment," at 281. Therefore, this court looked to see if indeed there was a change in the employment status.

It is clear from the record that when Mr. Feldman began his employment with petitioner he was somewhat of a novice. After a few years at the job, he was asked to sign the contract with the restrictive covenant and he received an increase in salary and was raised to the management level. This court finds such change to be a change in the employment status. Accordingly, we find the restrictive covenants found in the June 1979 contract to be enforceable as they are supported by consideration and are reasonable in both time and distance.

We now turn to respondent Braunstein. There has been presented no evidence to show that Braunstein knew or had reason to know of the restrictive covenants. Accordingly, it would be unjust to hold him to said restrictive covenants.

Therefore, we enter the following

## ORDER

And now, December 8, 1981, after reviewing briefs from respective counsel, it is ordered and decreed as follows:

1. Respondent Alan Craig Feldman is prohibited from continuing in any business in direct competition to that of Purple Haze;

2. Respondent Alan Craig Feldman is prohibited from contacting or disclosing the names of Purple Haze's customers.

3. Respondent Braunstein is equally prohibited from soliciting Purple Haze's customers.

4. Respondent Feldman is further ordered to pay reasonable attorney's fees of $500 to petitioner.

5. The matter of the claim for damages will be considered later after a hearing and the taking of additional testimony addressed solely to the question of damages. Said hearing to be held on December 21, 1981, at 10:00 a.m. in Court Room No. A.

This order to be effective for a period of 18 months commencing as of October 1, 1981. Further, said order is to be effective only as to the Counties of Philadelphia, Montgomery, Chester, Bucks, and Delaware in Pennsylvania; the Counties of Camden and Atlantic in New Jersey and New Castle County in Delaware.